USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/10/2025____

*Jacqueline M. James, Esq.*

THE JAMES LAW FIRM
445 HAMILTON AVENUE
SUITE 1102
WHITE PLAINS, NY 10601

The Honorable Judge Analisa Torres
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> *Re: 1:25-cv-02007-AT Plaintiff's Pre-motion Request to File a Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference and Request to Adjourn the Initial Rule 16 Scheduling Conference until Defendant Is Served*

Dear Judge Torres:

  The James Law Firm represents Plaintiff in the above captioned matter. This matter has been filed as a John Doe against the Internet subscriber assigned the referenced IP address. Defendant's name and address are not presently known to Plaintiff. Plaintiff respectfully requests permission to file a motion Pursuant to Fed. R. Civ. P. 26(d)(1), seeking leave to serve a third-party subpoena prior to a Rule 26(f) conference to learn Defendant's identity. Plaintiff is also requesting an adjournment of any scheduled Initial Rule 16 Scheduling Conference and for the Court not to schedule any Rule 16 conference until Defendant is named and served.

  Plaintiff, Strike 3 Holdings, LLC is the owner of three award-winning popular subscription based adult websites along with the copyrights to each of the movies distributed by the websites. Plaintiff's claims are for copyright infringement under 28 U.S.C. § 1338. Plaintiff creates its own content, which is being infringed on a massive scale.

  The John Doe Defendant's IP address has been habitually used to infringe Plaintiff's copyrighted works. Accordingly, Plaintiff seeks permission to file a Motion seeking leave to serve limited, immediate discovery on the John Doe Defendant's Internet Service Provider, Verizon Fios (hereafter "ISP") so that Plaintiff may learn Defendant's true identity. Plaintiff is suing Defendant for using the Internet, specifically the BitTorrent file distribution network, to commit direct copyright infringement.

  Because Defendant used the Internet to commit this infringement, Plaintiff only knows Defendant by his Internet Protocol ("IP") address. Defendant's IP address was assigned to the Defendant by his respective Internet Service Provider ("ISP"). Accordingly, the ISP can use the IP address to identify the Defendant. Indeed, ISPs maintain internal logs, which record the date, time and customer identity for each IP address assignment made by that ISP. Significantly, ISPs generally only maintain these logs for only a short period of time.

  Pursuant to Rule 26(d)(1), except for circumstances not applicable here, absent a court order, a party may not propound discovery in advance of a Rule 26(f) conference. Rule 26(b) provides courts with the authority to issue such an order: "[f]or good cause, the court may order

discovery of any matter relevant to the subject matter involved in the action." In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where: (1) plaintiff makes a prima facie showing of a claim of copyright infringement, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) defendants have a minimal expectation of privacy. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) (citing *Sony Music Entm't v. Does 1-40*, 326 F.Supp.2d 556, 564-65 (S.D.N.Y. 2004) (numbers added)); *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839 (S.D.N.Y. 2013) (same); *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012) (same).

Plaintiff has good cause here as will be set forth in its motion. Plaintiff will present a prima facie claim of copyright infringement in its motion seeking the discovery. *See* Complaint at ¶¶ 31–33. *See* 17 U.S.C. §106; *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839 (S.D.N.Y. 2013). Plaintiff's requests will be specific, and Plaintiff will demonstrate there is no alternative means to obtain the central information and that defendant here has a minimal expectation of privacy. *See Arista Records*, 604 F. 3d 110, 117 (2d Cir. 2010) ("[T]o the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment."); *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 191 (S.D.N.Y. 2012) ("ISP subscribers have a minimal expectation of privacy in the transmission or distribution of copyrighted material."); *Malibu Media, LLC v. John Does 1-11*, 2013 WL 3732839 (S.D.N.Y. 2013) (same).

For the foregoing reasons, this Court should permit Plaintiff to file a Motion seeking Leave to File a Third Party Subpoena Pursuant to Fed. R. Civ. P. 26(d)(1) and adjourn any scheduled Initial Rule 16 Scheduling Conference until the Defendant is named and served.

Respectfully submitted,

By: ___/s/ *Jacqueline M. James*
Jacqueline M. James, Esq. (1845)
*Attorneys for Plaintiff*

GRANTED. By **April 24, 2025**, Plaintiff shall file its motion. The deadline for the parties to file their joint letter and proposed case management plan is ADJOURNED *sine die*.

Dated: April 10, 2025
   New York, New York

_____
ANALISA TORRES
United States District Judge