```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
STRIKE 3 HOLDINGS, LLC,

                        Plaintiff,

        -against-

JOHN DOE subscriber assigned IP address
173.62.30.218,

                        Defendant.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/2025
```

25 Civ. 2007 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Strike 3 Holdings, LLC ("Strike 3"), moves *ex parte* for leave to serve a third-party subpoena on the internet service provider ("ISP") of Defendant, John Doe, pursuant to Federal Rule of Civil Procedure 26(d)(1), prior to a Rule 26(f) conference, to ascertain Defendant's identity. ECF No. 11; *see also* Mem., ECF No. 12. For the reasons stated below, Strike 3's motion is GRANTED.

## BACKGROUND

Strike 3 owns copyrights for adult motion pictures and operates one of the largest paid-subscription platforms for adult content. Compl. ¶¶ 2, 13, ECF No. 1. Strike 3 alleges that Defendant illegally downloaded and distributed its copyrighted motion pictures on a massive scale and continues to do so. *Id.* ¶¶ 4, 45–48. Strike 3 has managed to identify Defendant's internet protocol ("IP") address but does not know Defendant's name or address. *Id.* ¶ 5; Mem. at 7. To identify Defendant for purposes of prosecuting this copyright-infringement action, Strike 3 seeks leave to serve a third-party subpoena on Defendant's ISP, Verizon Online LLC (Verizon Fios). Mem. at 1.

## LEGAL STANDARD

Under Rule 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." In determining whether such an

order is warranted, courts "apply a 'flexible standard of reasonableness and good cause.'" *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 520 (S.D.N.Y. 2019) (quoting *Digital Sin, Inc. v. John Does 1–176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012)). The "principal factors" that courts consider when deciding whether expedited discovery is appropriate include:

> (1) the plaintiff['s] ability to make out a *prima facie* showing of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the Defendant's expectation of privacy.

*Id.* at 521 (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)); *see also Strike 3 Holdings, LLC v. Doe*, No. 19 Civ. 5818, 2019 WL 5459693, at *2 (S.D.N.Y. Oct. 9, 2019) (explaining why the *Arista* factors provide helpful guidance for Rule 26 inquiries).

## DISCUSSION

Each of the *Arista* factors weighs in favor of granting Strike 3's motion. First, Strike 3 has made out a *prima facie* showing of infringement. "To prove a claim of copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Urbont v. Sony Music Ent.*, 831 F.3d 80, 88 (2d Cir. 2016). In its complaint, Strike 3 adequately describes its original, copyrighted works and provides a detailed analysis of how Defendant allegedly copied those works, along with the exact date and time of each alleged infringement. Compl. ¶¶ 17–49 & Ex. A.

Second, Strike 3's requested discovery is limited to Defendant's name and address, which courts in similar cases have found to be "a limited and highly specific set of facts" for purposes of Rule 26. *E.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 18 Civ. 5586, 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018); *Strike 3 Holdings,* 2019 WL 5459693, at *3.

Third, Strike 3 has adequately shown that a third-party subpoena is the only method by which it can ascertain Defendant's identity. Mem. at 7–8. According to Strike 3, the "BitTorrent software"

allegedly used by Defendant to download and distribute Strike 3's copyrighted works "is 'largely anonymous' except insofar as it requires a user to broadcast the user's IP address." *Id.* at 7 (quoting *John Wiley & Sons, Inc. v. Doe Nos. 1–30*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012)). Strike 3 further maintains that "[t]he only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address is Defendant's ISP," *id.*, a view which other courts have endorsed, *e.g.*, *Strike 3 Holdings,* 2019 WL 5459693, at *4.

Fourth, for similar reasons, Strike 3 has adequately demonstrated that, without the requested subpoena, it will not be able to serve Defendant and thus will not be able to pursue this action further. Mem. at 8.

Fifth, courts in this District have repeatedly recognized that "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *E.g.*, *Strike 3 Holdings,* 2019 WL 5459693, at *4 (quoting *Malibu Media, LLC v. John Does 1–11*, No. 12 Civ. 3810, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013)). Even so, consistent with the practice of courts in this District in similar cases, the Court shall issue a protective order and notice procedure in connection with the subpoena "in light of the substantial risk for false positive identifications that could result in 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Strike 3 Holdings*, 329 F.R.D. at 522 (quoting Fed. R. Civ. P. 26(c)(1)); *see also* Mem. at 9 ("encourag[ing] the Court to establish such procedures here, should the Court find it appropriate").

## CONCLUSION

For the foregoing reasons, Strike 3's motion, ECF No. 11, is GRANTED. Accordingly, it is hereby ORDERED that:

1. Strike 3 may immediately serve a Rule 45 subpoena on Defendant's ISP to obtain the name and current and/or permanent address of the subscriber associated with IP address 173.62.30.218. Strike 3 shall not request any additional information, including, but not limited to, the subscriber's email address or telephone number. Along with the subpoena, Strike 3 shall include a copy of both this Order and the attached "Notice to Defendant;"

2. The ISP shall have 60 days from the date of service of the subpoena to serve Defendant with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant." The ISP may serve Defendant using any reasonable means, including written notice sent to Defendant's last known address, transmitted either by first-class mail or overnight service;

3. Defendant shall have 60 days from the date of service of the subpoena to file any motions with this Court contesting the subpoena, as well as any request to litigate the subpoena anonymously. Should Defendant contest the subpoena, Defendant shall at the same time notify the ISP so that the ISP is on notice not to release the subpoenaed information to Strike 3 unless and until the Court rules on Defendant's motion(s);

4. The ISP shall not turn over the subpoenaed information to Strike 3 before the expiration of the 60-day period for Defendant to contest the subpoena, or before the date on which the Court rules on Defendant's timely motion(s), if any, contesting the subpoena, whichever is later. The ISP shall take immediate steps to preserve any subpoenaed information pending the resolution of any timely filed motion contesting the subpoena;

5. If neither Defendant nor the ISP contests the subpoena within the 60-day period, the ISP shall have 10 days to disclose the information responsive to the subpoena to Strike 3; and

6. Any information disclosed to Strike 3 in response to the subpoena shall be used by Strike 3 solely to protect its rights as set forth in its complaint.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 11.

SO ORDERED.

Dated: April 23, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge

**NOTICE TO DEFENDANT**

1. You are the Defendant in *Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 173.62.30.218*, No. 25 Civ. 2007 (AT) (S.D.N.Y. 2025), a case now pending before the Honorable Analisa Torres, United States District Judge for the Southern District of New York.

2. The Plaintiff in this case has filed a lawsuit claiming that you illegally downloaded and/or distributed movies on your computer.

3. Attached is Judge Torres' Order, which sets forth certain deadlines and procedures related to this case.

4. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, you must review and comply with Judge Torres' Individual Practices in Civil *Pro Se* Cases, which may be found at this address: https://www.nysd.uscourts.gov/hon-analisa-torres.

5. The Plaintiff may not know your actual name or address, but it does know the internet protocol ("IP") address of the computer associated with the alleged downloading and/or distributing.

6. The Plaintiff has subpoenaed your name and address from your internet service provider ("ISP").

7. If you do not want your ISP to provide this information to the Plaintiff, and you believe there is a legal basis for the ISP to withhold the information, you may contest the subpoena by filing a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are the Defendant in this case. If you choose to file such a motion, you should inform your ISP of that fact prior to the expiration of the 60-day window so that the ISP does not release your information to the Plaintiff.

8. If you file such a motion, you may also request the Court's permission to proceed anonymously. If you are proceeding *pro se*, however, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court. The information will be **solely for use by the Court**, and the Court will not provide the information to the Plaintiff or its lawyers unless and until the Court determines that there is no legal basis to withhold it. The Court must have this information so that it can communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still request the Court's permission to proceed in this case anonymously. If you wish to proceed in this case anonymously without filing a motion to quash or modify the subpoena, you (or, if you are represented, your lawyer) should file a letter stating that you would like to proceed anonymously in this case. This must be done within 60 days of the date on which you receive notice from your ISP that you are the Defendant in this case. You should identify yourself in your letter by reference to the case number, No. 25 Civ. 2007 (AT), and your IP address, 173.62.30.218. If you submit this letter, your identity and contact information will not be revealed to the public unless and until the Court determines that there is no legal basis to withhold that information.